## General Sessions—County of New York.

*January,* 1883.

## PEOPLE *v.* MARTIN.

INDICTMENT.—Co. CRIM. PRO. § 718, SUBD. 5, CONSTITUTIONAL.

The provision of Co. Crim. Pro. 718, subd. 5, that "where an intent to defraud constitutes part of a crime, it is not necessary to aver or prove an intent to defraud any particular person," is constitutional.

An indictment is sufficiently definite if it contains sufficient to inform defendant of the nature of the accusation against him, to enable him to prepare his defense, and to use the indictment as a bar to a second prosecution for the same offense.

Demurrer to an indictment of defendant, Lewis R. Martin, for forgery in the first degree.

The facts appear in the opinion.

*Peter Mitchell*, for defendant.—Co. Crim. Pro. § 718, subd. 5, is unconstitutional because it is in conflict with the provisions of amended art. 6 of the U. S. Constitution, that the accused " be informed of the nature and cause of the accusation." United States *v.* Hills, 7 *Pet.* 142; United States *v.* Cruikshank, 92 *U. S.* 542, 555, 556.

*Peter B. Olney*, district attorney, for the people.

RUFUS B. COWING, City Judge.—On November 20, 1883, an indictment was filed in this court, charging the defendant, Lewis R. Martin, and others, with forgery in the first degree.

The defendant, Martin, demurs to the indictment, for the reason, as alleged, that the indictment does not contain sufficient facts to constitute a crime; in that it does not set forth the name of the person whom the defendants intended to have defrauded, or assign any reason for the omission. The people have joined in the demurrer; and this court is called upon to settle the question of law thus raised.

On the argument, the counsel for the defendant conceded, that the indictment sufficiently charges forgery in the first degree against the defendant, if subdivision 5 of section 718, of the Penal Code, is constitutional. This subdivision reads as follows: " Where an intent to defraud constitutes a part of a crime, it is not necessary to aver or prove an intent to defraud any particular person."

In my judgment, the above section of the Penal Code is constitutional; and, therefore, the indictment need not allege an intent, on the part of the defendant, to defraud any particular person, but only to defraud in general.

The statutory definition recites the general intent to defraud; and the evident intent of one who commits forgery is general, for his intent undoubtedly is, to defraud any one upon whom he can put off his forged writing or instrument.

The defendant who commits forgery intends to defraud any one he can, without knowing at the time who it will be. I can see no injustice to the defendant, in making his intent, by way of allegation, as general, as is his intent, in point of fact.

To be sure, the defendant is entitled to know the nature of the charge made against him : first, that he may know exactly what he is called upon to defend himself against, and to be prepared to meet, upon his trial; and second, that he may be able to plead the indictment, when he is called upon a second time to defend himself against the same charge.

In my opinion this indictment is sufficiently definite to meet both of these requisites.

I know of nothing, either in the constitution of this state, or in that of the United States, restricting the legislature in determining what acts shall constitute a crime or in determining, by way of procedure, what the indictment should contain, to properly set it forth ; so long as it contains sufficient of allegation to warn the defendant of the nature of the accusation made against him, and to enable him to prepare his defense, and to use the indictment as a bar to a second prosecution for the same offense. I consider this indictment sufficiently definite to meet all these requirements.

Judgment is ordered for the people upon the demurrer, and the defendant is allowed to answer over.